

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| DANA JOANN LOCKNANE | § | |
| | § | |
| VS. | § | Case No. 4:04cv446 |
| | § | (Judge Schell/Judge Bush) |
| CREDIT PAYMENT SERVICES, INC. | § | |

## ORDER

Pending before the Court is Defendant's Motion to Compel Arbitration and to Abate Proceedings (Docket #7). Having considered the motion, Plaintiff's response, and Defendant's reply, the Court is of the opinion that Defendant's motion should be granted and the case stayed pending the resolution of arbitration proceedings.

From January through April of 2004, Plaintiff entered into six separate "payday loan" agreements over the internet with mycashnow.com Inc. Each agreement contained an arbitration clause which stated:

> **AGREEMENT TO ARBITRATE DISPUTES.** All disputes and controversies of every kind and nature between the parties hereto arising out of or in connection with this agreement as to the existence, construction, validity, interpretation or meaning, performance, nonperformance, enforcement, operation, breach, continuance, or termination thereof, as well as whether the controversy or dispute is subject to arbitration, and the amount of any loss or damage, shall be submitted to arbitration in a jurisdiction to be chosen by mycashnow.com Inc. before three arbitrators appointed by the American Arbitration Association….

(Def. Exhibits A-F). Plaintiff filed a complaint in this Court on December 15, 2004, asserting claims under the Fair Debt Collection Practices Act ("FDCPA") and the Texas Debt Collection Act ("TDCA"), alleging that Defendant, assignee of the original loan agreements, made improper threats and remarks and otherwise acted improperly in attempts to collect debts owed under the agreements.

On February 23, 2005, Defendant filed a Motion to Compel Arbitration, alleging that Plaintiff's claims are covered by the arbitration clauses in the "payday loan" agreements.

Plaintiff claims that the case should not proceed to arbitration because the contracts at issue were unconscionable and because there was no evidence of proper assignment. Plaintiff also contends that the arbitration clause is unenforceable because Defendant has not filed a bond with the Texas Secretary of State and thus cannot collect debts in Texas.

The Federal Arbitration Act creates a strong federal policy in favor of enforcing arbitration agreements, and any doubts concerning the scope of arbitrable issues should be resolved in favor of arbitration. *See* 9 U.S.C. § 2; *Moses H. Cone Mem. Hosp. v. Mercury Const. Corp.*, 460 U.S. 1, 24-25 (1983); *Rojas v. TK Communications, Inc.*, 87 F.3d 745, 749 (5th Cir. 1996); *Commerce Park at DFW Freeport v. Mardian Const. Co.*, 729 F.2d 334, 338 (5th Cir. 1984). Furthermore, arbitration should not be denied unless it can be clearly determined that the arbitration clause at issue is not susceptible to an interpretation which could cover the dispute at issue. *Commerce Park*, 729 F.2d at 338; *Wicke v. Atl. Marine, Inc.*, 605 F.2d 166, 168 (5th Cir. 1979). However, an agreement to arbitrate is subject to state-law contract defenses. *See First Options of Chicago, Inc. v. Kaplan*, 514 U.S. 938, 944 (1995).

Plaintiff first argues that the present dispute is not subject to arbitration because the contracts were unconscionable. Plaintiff claims unconscionability because the attempted enforcement was illegal. Plaintiff contends that, by making improper threats when trying to collect past due money, Defendant rendered the entire contracts, including the arbitration clauses, unconscionable. Plaintiff further contends that the contracts are unconscionable because they are oppressive and unreasonable, allowing Defendant to debit funds from any of Plaintiff's bank accounts until Plaintiff's debts are

paid in full.  Plaintiff also argues that the contracts are unfair in that they give Defendant, but not Plaintiff, the right to institute a proceeding in court and because they allow Defendant to choose the jurisdiction for arbitration.  Finally, Plaintiff argues that the contracts are unconscionable because arbitration is potentially more expensive than a lawsuit in court.

The FAA requires the Court to look to state law when deciding whether arbitration agreements are unconscionable.  *Carter v. Countrywide Credit Indus., Inc.*, 362 F.3d 294, 301 (5th Cir. 2004).  Under Texas law, there are two forms of unconscionabilty: (1) procedural unconscionability, which refers to the circumstances surrounding the adoption of the arbitration agreement; and (2) substantive unconscionability, which refers to the circumstances surrounding the fairness of the provision itself.  *Id*.  Plaintiff's attacks focus on substantive rather than procedural unconscionability. The burden of proving unconscionability rests with the party attempting to invalidate the arbitration clause.  *Id.*

Under the doctrine of severability, a District Court may only decide challenges to the arbitration clause, and not challenges to the contract as a whole.  *Prima Paint Corp. v. Flood & Conklin Mfg. Co.*, 388 U.S. 395, 403-04 (1967).  If an arbitration clause is found to be valid, challenges to the remainder of the contract are left for the arbitrator.  *Id.*  The Court finds that Plaintiff's first two unconscionability challenges, that enforcement was illegal and that the contracts were oppressive and unreasonable, are issues relating to contract terms outside of the arbitration clause.  Therefore, the Court declines to consider such arguments as grounds for a finding of unconscionability.

Plaintiff next argues that the contracts are unfair because Defendant retains the right to seek enforcement in court while Plaintiff's only remedy is arbitration.  The Court likewise finds this

argument to be without merit. The Texas Supreme Court has rejected such an argument, finding that the weight of federal precedent allows such a one-sided arbitration clause as long as the underlying contract is supported by adequate consideration. *In re FirstMerit Bank, N.A.*, 52 S.W.3d 749 (Tex. 2001). Plaintiff does not argue that the contracts lack adequate consideration, and thus her argument fails.

Plaintiff also claims that the contracts are unfair because Defendant is at liberty to select the arbitration forum. The Fifth Circuit has held, however, that forum selection clauses are presumed valid unless the opposing party can show that enforcement would be unreasonable. *Carter*, 362 F.3d at 294. Plaintiff has made no such showing. While the forum selection clause at issue is extremely broad, there is no indication the Defendant will abuse the clause in this case.

Plaintiff finally makes the vague argument that arbitration could be potentially more expensive than litigation in court. The Court finds nothing in the arbitration agreement or any other clause of the contracts at issue which assigns the costs of arbitration to either party. Plaintiff has speculated as to what the arbitration expenses may be, but has made no showing that such expenses will actually be incurred, that Plaintiff will be required to pay such expenses, or that arbitration would ultimately be more costly than trial. The contracts do mention that the arbitration will be conducted pursuant to the rules of the American Arbitration Association, which rules provide for deferral or reduction of fees in cases of extreme hardship. *FirstMerit Bank*, 52 S.W.3d 749, 756-57 (Tex. 2001). The Court finds that Plaintiff has failed to meet her burden of establishing that the costs of arbitration would be prohibitive. *See Green Tree Fin. Corp. v. Randolph*, 531 U.S. 79, 91-92 (2000). Furthermore, the Court notes that this case was brought by Plaintiff based on contracts signed, presumably read, and possibly breached by Plaintiff. The Court is thus reluctant to find the

arbitration clauses invalid based on Plaintiff's claims of unconscionability.

Plaintiff next argues that Defendant is not a valid assignee of the contracts at issue. Plaintiff bases this claim on her assertion that there is no evidence of an indorsement. Plaintiff erroneously relies on Texas Business and Commerce Code section 3.203 and the law of negotiable instruments. The instruments at issue are not negotiable instruments because they are not made payable to bearer or to order. *See* TEX. BUS. & COMM. CODE § 3.104(a)(1) (2005); *Mauricio v. Mendez*, 723 S.W.2d 296, 298 (Tex. App.–San Antonio 1987, no writ). As the instruments are non-negotiable promissory notes, the law of contracts, rather than the law of negotiable instruments, governs. *Mauricio*, 723 S.W.2d at 298. Plaintiff has made no showing that there was an invalid assignment of contracts. The Court further notes that, absent an express statement to the contrary, assignment of a contract carries with it the right to enforce an arbitration provision contained therein. *Chatham Shipping Co. v. Fertex S.S. Corp.*, 352 F.2d 291, 294 (2nd Cir. 1965).

Plaintiff's final argument, that Defendant has not filed a bond and is thus not licensed to collect debts in Texas, is not within the scope of this ruling. *See generally Prima Paint*, 388 U.S. 395. Plaintiff is entitled to raise challenges to the arbitration clause itself, but all other matters, especially those relating to other distinct aspects of the agreement, are to be decided in arbitration, unless the Court finds the arbitration clause itself to be invalid. *See Id.*

Finally, although Plaintiff does not specifically argue that the type of dispute at issue is not subject to arbitration, the Court notes that a number of Courts have upheld arbitration clauses in FDCPA actions. *Carbajal v. H&R Block Tax Servs., Inc.,* 372 F.3d 903 (7th Cir. 2004) (agreement to arbitrate all claims encompassed FDCPA claim); *Conner v. Instant Cash Advance*, 2003 WL 446197 (S.D. Ind. 2003) (upholding arbitration clause when Plaintiff brought claim under FDCPA);

*In re Taylor*, 260 B.R. 548, 563 (M.D. Fla. 2000) (upholding arbitrability of FDCPA claim). The Court thus finds that Plaintiff's contentions are without merit, that the arbitration clause is valid and applicable to the disputes at issue, and that the case should proceed to arbitration.

IT IS THEREFORE ORDERED that Defendant's Motion to Compel Arbitration is GRANTED and the above titled and numbered cause of action is STAYED until arbitration is concluded. It is further

ORDERED that Defendant shall file a status report with the Court on the last business day of each month to keep the Court informed of the arbitration proceedings.

**SIGNED this 20th day of May, 2005.**

_____
DON D. BUSH
UNITED STATES MAGISTRATE JUDGE